IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** as Broadcast Licensee of the April 19, 2008 UFC 83: Serra/St. Pierre II Event, <br><br> Plaintiff, <br><br> v. <br><br> **1) MOCTEZUMA CLUB, INC.,** Individually and d/b/a **AZTECA CLUB** a/k/a **AZTECA SPORTS BAR & GRILL;** and **2) ARTURONERI, JR.,** Individually and d/b/a **AZTECA CLUB** a/k/a **AZTECA SPORTS BAR & GRILL,** <br><br> Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. **3:11-CV-00809-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Summary Judgment, filed May 18, 2012. After consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion for Summary Judgment.

**I.    Background**

Plaintiff Joe Hand Productions, Inc. ("Joe Hand") markets and licenses commercial exhibitions of pay-per-view prize fight events. Joe Hand, as broadcast licensee of the April 19, 2008 UFC 83: Serra/St. Pierre II Event ("the Event"), brought this anti-piracy action on April 19, 2011, seeking relief against (1) Moctezuma Club, Inc., individually and d/b/a Azteca Club a/k/a Azteca Sports Bar & Grill; and (2) Arturoneri, Jr., individually and d/b/a/ Azteca Club a/k/a Azteca Sport Bar & Grill (collectively, "Defendants") for alleged violations of the Federal Communications Act

of 1934, 47 U.S.C. §§ 553 and 605 (the "Act"). Joe Hand seeks statutory damages, attorney's fees, and an injunction against Defendants to prevent future violations. Defendants filed an Answer to Joe Hand's Complaint but, as explained herein, they did not file a response to Joe Hand's summary judgment motion.

## II.   Motion for Summary Judgment Standard When No Response is Filed

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and

thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Defendants filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id*. Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [its] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

### III.  Analysis

#### A.  Liability

Joe Hand contends that Defendants willfully misappropriated its licensed exhibition of the Event in violation of sections 553 and 605 of the Act. As Joe Hand correctly notes, the Act is a strict liability statute. 47 U.S.C. § 553. Section 553 addresses receipt of a broadcast via cable, and section 605 addresses receipt of satellite signals. As a strict liability statute, to prove a violation, Joe Hand need only show that the Event was shown in Defendant's establishment without its authorization. *See* 47 U.S.C. § 605; *Garden City Boxing Club, Inc. v. Vinson*, No. 3:03-CV-0700-BD (P), 2003 WL 22077958, at *6 (N.D. Tex. Sept. 3, 2003) ("The fact that the defendant may have purchased and lawfully received the Lewis-Tyson fight from DirecTV does not immunize her from liability for then broadcasting the event to patrons at her bar without obtaining authorization from the plaintiff, the exclusive licensee.") (internal citations omitted).

Joe Hand submitted evidence to demonstrate that it has exclusive proprietary rights to exhibit and sublicense the right to exhibit the Event at commercial establishments, and that Defendants illegally intercepted and showed the April 19, 2008 closed-circuit telecast of the Event in their establishment without paying the requisite licensing fee to Joe Hand. Because Defendants did not refute Joe Hand's claim for liability or damages, the court accepts Joe Hand's facts and evidence as undisputed. The court therefore determines that there is no genuine dispute of material fact regarding Joe Hand's claim for Defendants' violation of the Act, and Joe Hand is entitled to judgment as a matter of law.

**B.     Damages**

Joe Hand asks the court to award $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $50,000 in additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). Section 605 of the Act provides that an aggrieved party may not recover an award of statutory damages of more than $10,000 (for each violation of subsection (a) of section 605 of the Act). 47 U.S.C. § 605(e)(3)(C)(i)(II). The amount of statutory damages requested by Joe Hand falls within the amount allowed by statute, and the court finds the amount of $10,000 in statutory damages reasonable.

With regard to additional damages under subsection (C)(ii) of the Act, the conduct alleged in the Complaint amounts to "willful" conduct, thereby allowing Joe Hand to recover additional damages under 47 U.S.C. § 605(e)(3)(C)(ii). *See Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."). The court in its discretion may increase the amount of damages by an amount of not more than $100,000 for each violation of subsection (a). 47 U.S.C. § 605(e)(3)(C)(ii). To deter pirating of cable and satellite broadcasts, courts have applied multipliers of three to eight times the statutory damages as additional damages. *See Kingvision Pay-Per-View, Ltd. v. Scott E.'s Pub, Inc.*, 146 F. Supp. 2d 955, 960 (E.D. Wis. 2001) (discussing cases applying multipliers of three to eight times the statutory damages as additional damages in order to deter future violations); *see also Cablevision Sys. Corp. v. Maxie's N. Shore Deli Corp.*, No. CV-88-2834 (ASC), 1991 U.S. Dist. LEXIS 4874, at *6, 1991 WL 58350, at *2 (E.D.N.Y. 1991) (awarding additional damages for willful violation under section 605 in the

amount of five times the initial statutory damages award). The multiplier of five times in this case is reasonable, considering that the Event was exhibited on eleven televisions to at least 98 persons in an establishment with a capacity of approximately 300 persons and the importance of deterring future violations. The court determines that such damages are ascertainable from the Complaint and the record and awards Joe Hand $50,000 as additional damages. Accordingly, Joe Hand is entitled to a total amount of **$60,000** in damages.

### C. Permanent Injunction

Joe Hand further requests that the court permanently enjoin Defendants from ever intercepting or exhibiting an unauthorized program in violation of the Act. The relevant section of the statute permits courts to grant a final injunction "on such terms as it may deem reasonable to prevent or restrain violations" of the Act. 47 U.S.C. § 605(e)(3)(B)(i). After a careful review of the evidence and authority, the court determines that permanent injunctive relief is appropriate. Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants, Defendants' officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Defendants are forever enjoined from ever intercepting or exhibiting an unauthorized program in violation of the Act.

### D. Costs and Attorney's Fees

Joe Hand requests attorney's fees from Defendants in the amount of one-third of recovery, or alternatively the hourly time (for prosecution of this case through default judgment) presented in the Affidavit of Andrew R. Korn in the amount of $1,000. Pl.'s Exh. B. The court determines that an hourly rate is the method that should be used for awarding attorney's fees and therefore must determine whether the requested amount is reasonable. The record reflects that Joe Hand's counsel,

Andrew R. Korn, has been licensed by the State of Texas since 1989. His practice primarily consists of handling cases involving commercial and civil litigation. His hourly rate is $250 per hour. The court finds that this hourly rate is within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience, and skill as that of Joe Hand's counsel for the services performed in cases of this nature. Accordingly, the court finds that the hourly rate of $250 per hour is reasonable.

Although Joe Hand's counsel produced no time records setting forth the number of hours expended, he estimates that his counsel has spent a minimum of four hours on this case through the preparation of Plaintiff's Motion for Summary Judgment. The court finds that Joe Hand's counsel reasonably expended at a minimum four hours to obtain a judgment. The Act requires that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Accordingly, the court determines that Joe Hand is entitled to an award of attorney's fees in the amount of **$1,000.**

**IV.   Conclusion**

For the reasons herein stated, the court **grants** Plaintiff's Motion for Summary Judgment. Accordingly, the court hereby **orders** that judgment be entered for Joe Hand in the amount of **$60,000**, plus postjudgment interest thereon at the applicable federal rate of **.18%**. Joe Hand requested no prejudgment interest, and the court awards none. The court **permanently enjoins** Defendants, Defendants' officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Defendants from intercepting or exhibiting an unauthorized program in violation of the Act. The court also **awards** Joe Hand reasonable attorney's fees in the

amount of **$1,000** and taxes all allowable and reasonable costs against Defendants. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**It is so ordered** this 21st day of June, 2012.

_____
Sam A. Lindsay
United States District Judge